# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **Case No: 17-03046-01-CR-S-MDH** |
| **CORY DANIEL SCHAFER,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on August 1, 2018. For the reasons set forth below, and under the factors set out in 18 U.S.C. § 3553(a), the Government respectfully requests that the Court sentence the defendant to 78 months' imprisonment, a within Guidelines range of imprisonment, to be followed by a 3-year term of supervised release.

## I. BACKGROUND

On April 6, 2017, the grand jury returned a one-count indictment charging the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) On January 30, 2018, the defendant pleaded guilty, without a plea agreement, to the one-count indictment. (Doc. 23.) On May 8, 2018, the final presentence investigation report (PSR) was filed. (Doc. 24.)

The defendant filed two objections to the PSR; however only the first objection affects the Guideline range. (PSR Adden.) The defendant objected to the classification of his prior conviction

for robbery in the second degree as a crime of violence pursuant to U.S.S.G. § 2K2.1(a)(4)(A). (PSR Adden. at 1-2; PSR 4, ¶ 12.) As the defendant notes, the Eighth Circuit in an *en banc* panel addressed this issue in *United States v. Swopes*, 886 F.3d 668 (8th Cir. 2018), as corrected (Mar. 29, 2018). The Eighth Circuit held that a Missouri conviction for second-degree robbery categorically qualified as violent felony under ACCA. *Id*. The defendant was convicted of a Missouri second-degree robbery; consequently, based upon the precedent in this Circuit, the correct base offense level has been assessed.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)*,* "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596, 169 L. Ed. 2d 445 (2007); (citing *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). 18 U.S.C. § 3553(a) specifies the factors courts are to consider when imposing a sentence. 18 U.S.C. § 3553(a) instructs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" identified in § 3553(a)(2), "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175, 197 L. Ed. 2d 490 (2017). The four identified purposes of sentencing are reached by considering the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, pertinent policy statements, unwarranted sentence disparities among similarly situated defendants, the need to provide restitution to the victims of the offense, and the Sentencing Guidelines. 18 U.S.C. § 3553(a)(1)-(7).

Once a correctly calculated guideline range is determined, the court should afford both parties an opportunity to argue "for whatever sentence they deem appropriate," and "should then

consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quoting *Gall*, 552 U.S. at 596.) In making this determination, the district court should not presume the Guidelines are reasonable, but assess each case upon the facts presented. *Id.* (citing *Gall*, 552 U.S. at 596.) "If the court concludes that a sentence outside of the Guidelines range is warranted, then it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Id.* (quoting *Gall*, 552 U.S. at 596.)

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

The final PSR, filed on May 8, 2018, found an offense level of 19 and a criminal history category of VI. (PSR 15, ¶ 72.) The PSR found a statutory maximum term of imprisonment of 10 years, and a statutory maximum of three years' supervised release. (PSR 15, ¶¶ 71, 74.) With a final Guidelines range of 19 and a criminal history category of VI, the Guidelines imprisonment range is 63 months to 78 months, with the defendant being ineligible for probation, and a Guidelines supervised release term of not more than three years. (PSR 15, ¶¶ 72, 75-77.)

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

The nature and circumstances of this case are discussed thoroughly in Paragraphs 3 to 7 of the PSR. (PSR 3-4.) The Greene County Sheriff's Office attempted to conduct a traffic stop on a vehicle, in which the defendant was a passenger; however, the vehicle fled from deputies. (PSR 3, ¶ 3.) Officers with the Springfield, Missouri, Police Department (SPD) located the vehicle at a gas station. (PSR 3, ¶ 3.) An officer entered the gas station store to place the defendant under arrest for outstanding warrants, but the defendant resisted. (PSR 3, ¶ 4.) The officer and the

defendant fell to the ground, and the defendant slid a handgun across the floor while he continued to resist. (PSR 3, ¶ 5.) The defendant continued to resist, and he eventually picked up a broken bottle of alcohol and raised it at the officer. (PSR 3, ¶ 5.) The defendant then fled from the store, and additional officers arrived and engaged in a foot pursuit. (PSR 4, ¶ 5.) The defendant was finally arrested once he laid down in a parking lot. (PSR 4, ¶ 5.) Officers searched the defendant and located a box of .22-caliber ammunition and a glass smoking pipe with white residue. (PSR 4, ¶ 6.) The handgun was recovered from inside the store, and the handgun had one round in the chamber and 10 rounds in the magazine. (PSR 4, ¶ 6.)

The nature and circumstances of this defendant's conduct demonstrate both the lack of deterrence from any previous sentence of incarceration and his disrespect for the law. The defendant, a multi-convicted felon, was in a vehicle that fled from law enforcement. After he was located, he resisted his arrest, threatened an officer with a broken alcohol bottle, fled on foot from law enforcement, and was in possession of a loaded firearm. His criminal history demonstrates he has a pattern of resisting arrest. (PSR 6, 9, ¶¶ 27, 37.) Nothing surrounding the nature and circumstances of this offense lend to a downward variance. The Government respectfully recommends a within Guidelines range sentence of 78 months' imprisonment is appropriate given the nature and circumstances of this case.

### 2. History and Characteristics of the Defendant

In fashioning a "sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.' " *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009), (quoting *United States v. White*, 506 F.3d 635, 644 (8th Cir. 2007) (internal quotations omitted). Consequentially, "factors such as a defendant's age, medical condition, prior military service, family obligations,

4

entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure." *Id*. at 830-31. (citing *United States v. Ryder*, 414 F.3d 908, 920 (8th Cir. 2005).

The defendant is a 34-year-old male with a lengthy criminal history. The defendant scored the highest criminal history category, VI. (PSR 10, ¶ 43.) The defendant has 17 prior convictions. (PSR 5-10.) Of those convictions, the defendant has prior felony convictions for possession of a controlled substance, robbery in the second-degree, and stealing. (PSR 7, 8, ¶¶ 32, 34, 36.) The defendant's behavior while on probation and parole was abysmal. The defendant's probation was revoked on all three of his felony convictions. (PSR 7, 8, ¶¶ 32, 34, 36.) The defendant incurred numerous violations while on probation, including: commission of new offenses, possession of dangerous weapon, use of controlled substances, failure to report and attend substance abuse treatment, failure to attend intensive supervision court, and associating with other felons. (PSR 7, 8, ¶¶ 32, 34, 36.) In addition to the defendant's prior felony convictions, the defendant has multiple prior convictions for domestic assault and resisting arrest. (PSR 6, 9 ¶¶ 27, 37, 38, 39.) This demonstrates a complete disregard and lack of respect for the law.

The defendant has two children, both of whom reside with their mother, and the defendant is in arrears in his child support payments for both children. (PSR 13, ¶ 38.) The defendant reported a history of substance abuse, including alcohol, marijuana, and methamphetamine. (PSR 14, ¶ 65.) The defendant also reported mental health issues including, ADHD, bipolar disorder, and paranoia. (PSR 13, ¶ 63.) The defendant earned his GED in 2014; however, he has had a sporadic and unstable employment history. (PSR 14, ¶ 67.)

The defendant possess little to no factors, as contemplated in *Chase*, to support a downward variance. The defendant is in his 30s, and he has abused controlled substances and alcohol for an extensive period of time. The defendant has children, but is in arrears in his child support and

5

maintains no responsibility for them. He has demonstrated no entrepreneurial spirit as is apparent through his poor work history, and he has a lengthy criminal history. *Chase*, 560 F.3d at 830.

This is not a case where the community may simply hope the defendant's offense was an aberration from an otherwise stable and productive life, and expect the defendant to re-enter the community successfully. The defendant is a 34-year-old multi-convicted felon, not a young man who is encountering the legal system for the first time. The defendant's history and characteristics are devoid of any demonstration that he has been a successful member of society, and only demonstrates that he is a danger. The Government respectfully recommends a 78-month sentence is appropriate given the history and characteristics of this defendant.

### 3. Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Based upon the defendant's nature and history, and the characteristics of the offense, a within Guidelines sentence would reflect the seriousness of the offense, promote respect for the law, and provide punishment that is sufficient, but not greater than necessary. The defendant has continued to engage in criminal behavior after repeated terms of probation, parole, and incarceration. Nothing short of a lengthy period of incarceration will promote respect for the law in this defendant.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

As previously mentioned, the defendant has continued to engage in a similar pattern of criminal conduct, and a within Guidelines sentence would be a deterrent to this defendant and those who wish to continue engaging in dangerous activity within the community, while sending a message to others that the behavior will not be tolerated.

### 5. Need to Protect the Public from Further Crimes of the Defendant

"Adequate protection is a function of two variables: the level of risk that conduct will occur and the level of harm that will be inflicted if that conduct does occur." *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir. 2010) (citing *United States v. Boyd*, 475 F.3d 875, 877–78 (7th Cir. 2007)). In this case, there is a great need to protect the public from the defendant.

The defendant's criminal history demonstrates that the defendant's level of risk to commit further crimes is very high. The defendant was given the opportunity to rehabilitate himself within the community while on probation and within the department of corrections while incarcerated. A within Guidelines sentence would protect the public from future crimes of this defendant.

### 6. Need to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner

A within Guidelines sentence is likely to afford the defendant the necessary substance abuse treatment he quite clearly still requires. A within Guidelines sentence would also afford the defendant the opportunity to receive educational and vocational training to improve his employability upon release.

### 7. Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

A within Guidelines sentence would avoid unwarranted sentence disparity with those who have similar criminal history and similar conduct. This would take into account defendant's offense conduct and his criminal history.

## IV. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, the need to avoid unwarranted disparity in sentences, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests this Court impose a within Guidelines sentence of 78 months' imprisonment to be followed by a three-year term of supervised release. Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

Timothy A. Garrison
United States Attorney


*/s/ Ami Harshad Miller*_____
Ami Harshad Miller
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Ami Harshad Miller*_____
Ami Harshad Miller